### W. B. HUTCHINSON ET AL. v. F. G. PATCHING ET AL.

No. 2038. Decided June 22, October 26, 1910.

**1.—School District—Taxation—Constitution.**

A school district created by special Act (Tulia Independent School District, Act of March 5, 1907, special Laws, 30th Leg., p. 176) embracing both urban and rural territory, was not authorized to levy taxes for school purposes in excess of the rate of twenty cents on $100 (Constitution, art. 7, sec. 3). A levy of twenty-five cents for interest and sinking fund of its bonds issued for the erection of school buildings and fifty cents for maintenance of schools were each void and their collection could be enjoined. Snyder v. Baird Independent School District, 102 Texas, 4, followed and explained. (Pp. 500, 501.)

**2.—Same—Constitutional Amendment—Bonds.**

The amendment to article 7, section 3, of the Constitution (Amendment of 1909) increased the amount of the special tax authorized to be levied for school purposes by school districts from twenty cents on $100 to fifty cents; and section 3a, added to such article by the amendment validated all districts theretofore created and bonds issued by them which had been approved by the Attorney-General and registered by the Comptroller, and authorized taxation

to meet the interest and sinking fund on such bonds. But such amendments did not make valid a previous levy of taxes in excess of the constitutional limit existing when levied. Bonds issued, but not sold nor so approved and registered, and unconstitutional taxation previously levied to meet them were not validated. (Pp. 501, 502.)

Error to the Court of Civil Appeals for the Second District in an appeal from Swisher County.

Patching and others sued Hutchinson and others, school trustees, to enjoin the collection of a school tax. The trial court refused the relief sought and plaintiffs appealed. The Court of Civil Appeals reversed the judgment, and, the facts being undisputed, rendered judgment for appellants. Appellees then obtained writ of error.

*Turner, Hendricks & Boyce, A. B. Martin* and *W. F. Hendrix,* for plaintiffs in error.—If it be conceded that the entire Act creating the Tulia Independent School District was invalid because of the unconstitutionality of that portion of the Act which authorized a levy of taxes at a rate greater than twenty cents on the one hundred dollar valuation of property within the district, nevertheless, the amendment of article 7, section 3, of the Constitution, adopted at a special election held on the first Tuesday in August, 1909, validated said district, and it is now a valid district authorized to levy and collect a tax of at least fifty cents on the one hundred dollar valuation of property situated in the district. Constitution, art. 7, sec. 3a, Laws 1909, p. 253; chap. 12, sec. 154a, Laws 1909, p. 22.

If the bonds issued by the Tulia Independent School District were invalid at the time of their issuance, they have been validated by the said Constitutional Amendment above referred to. Same authorities.

The Legislature, under the provisions of art. 11, sec. 10, of the Constitution, had express authority to constitute the town of Tulia an independent school district, and the amount of territory to be embraced within the corporation is a political question for the determination of the Legislature creating it. State v. Brownson, 61 S. W., 114; Norris v. City of Waco, 57 Texas, 640; Constitution, art. 7, sec. 3, and art. 11, sec. 10; Acts of Legislature, April 6, 1881, p. 114; April 10, 1891, p. 79; May, 1893, p. 175.

*Reeder, Graham & Williams,* for defendants in error.—The Act of March 5, 1907, page 176, Special Laws of the Thirtieth Legislature, is unconstitutional and void as to the taxing powers authorized in section 6 thereof, for the reason that under the Constitution such a district can not be authorized to levy the amount of tax provided to be levied in said section. Sec. 3, art. 7, Constitution of State of Texas; Snider v. Baird Ind. School Dist, and Cummins v. Gaston, each recently decided by the Court of Civil Appeals for the Second Supreme Judicial District.

It being the unquestioned primary purpose of the passage of said Act to authorize the levy and collection of taxes provided for in section 6 thereof, and said section 6 as to taxing power being unconstitutional and void, it can not be known whether or not the

remainder of said bill would have been passed with said taxing power stricken out, and the entire bill must fail.

The Act under which the Tulia Independent School District was organized being void, all the proceedings thereunder and by virtue thereof and which resulted in the pretended organization of said district, including the election of the officers provided for in said Act, are also void. Same authorities.

The Tulia Independent School District having been organized for free school purposes only, and covering a territory nine miles square, and there being no city or town organized therein for municipal purposes, and the bounds of said school district not being identical with the bounds of any city or town organized for municipal purposes, was not authorized under the Constitution to levy a tax for any one year in excess of twenty cents on the one hundred dollars in valuation of property within said district for all purposes. Same authorities.

### ON MOTION FOR REHEARING.

Mr. Justice Brown delivered the opinion of the court.

The motion for rehearing is granted and the judgment of this court is set aside, our opinion heretofore filed is withdrawn and this opinion is substituted therefor.

By an Act of the Thirtieth Legislature, approved March 5, 1907 (Special Laws, 30th Leg., p. 176), the citizens of certain territory in Swisher County were authorized to organize a school district to be known as "Tulia Independent School District." The district was organized in accordance with the statute and the trustees duly elected and qualified. The trustees submitted to the people the proposition whether the district should issue $15,000 of bonds for the purpose of erecting and equipping free school buildings. This proposition was carried by a two-thirds vote of the qualified voters of that district. After the result was declared the trustees of the school district levied a tax of twenty-five cents on the one hundred dollars valuation of property in the district for the purpose of paying the interest upon and creating a sinking fund for the said bonds. The levy of the tax was not submitted to the people. Subsequently the board of trustees submitted to the voters the proposition whether the board should be empowered to annually assess, levy and collect a tax for the support and maintenance of the public free schools of the district at a rate not exceeding one-half of one percent of the value of the property subject to the tax. This proposition was adopted by the people by a two-thirds vote, and subsequently the board levied fifty cents on the one hundred dollars valuation for the support and maintenance of free schools in that district, making in all a tax of seventy-five cents on the one hundred dollars valuation of property. The board issued $8,000 in par value of the bonds authorized, which bonds were sold before the filing of this suit, and the officers were preparing to issue the additional bonds and to collect the tax of seventy-five cents, in the aggregate, on the one hundred dollars valuation of property when an injunction was sued out for the purpose of preventing that procedure.

It is unnecessary for us to discuss the questions which were involved when the suit was instituted, because the adoption of the amendments to the Constitution hereafter referred to renders those questions immaterial. We will say, however, that the levy of the tax of seventy-five cents on the one hundred dollars valuation of property was void, because it was in excess of twenty cents on the one hundred dollars authorized by article 7, section 3, of the Constitution of the State of Texas. Snyder v. Baird Independent School District, 102 Texas, 4.

In the case above cited we did not hold that the law which created the district was void, nor did we hold that the bonds issued by the district were void, but simply held that the tax levied was in excess of the amount authorized by the Constitution, therefore the tax levy itself was void. That case was presented on certified question and it was not within the purview of the question to determine what rate of tax that district might have levied, therefore we did not decide whether it had the power to levy as much as twenty cents on the one hundred dollars valuation. We say this in explanation of the opinion, because of the misconception of its scope.

The Thirty-first Legislature submitted to the people for their adoption, and which was adopted, an amendment to article 7, section 3, of the Constitution, which reads:

"Sec. 3. One-fourth of the revenue derived from the State occupation taxes and a poll tax of $1 on every male inhabitant of this State between the ages of 21 and 60 years shall be set apart annually for the benefit of the public free school, and in addition thereto there shall be levied and collected an annual ad valorem State tax of such an amount, not to exceed twenty cents on the one hundred dollar valuation, as with the available school fund arising from all other sources, will be sufficient to maintain and support the public free schools of this State for a period of not less than six months in each year, and the Legislature may also provide for the formation of school districts by general or special law, without the local notice required in other cases of special legislation, and all such school districts, whether created by general or special law, may embrace parts of two or more counties. And the Legislature shall be authorized to pass laws for the assessment and collection of taxes in all said districts and for the management and control of the public school or schools of such districts, whether such districts are composed of territory wholly within a county or in parts of two or more counties. And the Legislature may authorize an additional ad valorem tax to be levied and collected within all school districts, heretofore formed or hereafter formed, for the further maintenance of public free schools, and the erection and equipment of school buildings therein, provided that a majority of the qualified property taxpaying voters of the district, voting at an election to be held for that purpose, shall vote such tax, not to exceed in any one year fifty cents on the one hundred dollars valuation of the property subject to taxation in such district, but the limitation upon the amount of school district tax herein authorized shall not apply to incorporated

cities or towns, constituting separate and independent school districts."

It will be seen that the rate of taxation which the Legislature may authorize the district to levy was increased from twenty to fifty cents on the one hundred dollars valuation of property.

Another amendment to article 7 was submitted and adopted which added thereto section 3a, from which we copy the following important provisions:

"Sec. 3a. Every school district heretofore formed, whether formed under the general law or by special Act, and whether the territory embraced within its boundaries lies wholly within a single county or ·partly in two or more counties, is hereby declared to be, and from its formation to have been a valid and lawful district.

"All bonds heretofore issued by any such district which have been approved by the Attorney-General and registered by the Comptroller are hereby declared to be, and at the time of their issuance to have been, issued in conformity with the Constitution and laws of this State, and any and all such bonds are hereby in all things validated and declared to be valid and binding obligations upon the district or districts issuing the same.

"Each· such district is hereby. authorized to, ' and shall, annually levy and collect an ad valorem tax sufficient to pay the interest on all such bonds and to provide a sinking fund sufficient to redeem the same at maturity not to exceed such a rate as may be provided by law under other provisions of this Constitution. And all trustees heretofore elected in districts made up from more than one county are hereby declared to have been duly elected, and shall be and are hereby named as trustees of their respective districts, with power to levy the taxes herein authorized until their successors shall be duly elected and qualified as is or may be provided by law."

The levies of taxes made by the trustees of the Tulia Independent School District of twenty-five cents and another of fifty cents on the one hundred dollars valuation of property in that district was each void, because each amount so levied was in excess of the limitation placed upon the power of such districts by section 3, article 7, of the Constitution of the State, as it then was. Neither of the two amendments to the Constitution copied above purport to make valid the levies of taxes in such districts where they were by the provisions of the Constitution invalid, therefore the levies made by the trustees in the Tulia School District are still void and can not be enforced.

The amendment to the Constitution, article 7, section 3, first above copied, simply enlarges the power of the Legislature and of the people of such school districts for the future, but does not in any way affect transactions of that character which had previously occurred.

The amendment which added section 3a to article 7 of the Constitution deals exclusively with the validity of existing districts and with bonds theretofore issued by such districts and which had been approved by the Attorney-General of the State and registered by the Comptroller. That amendment validated the law which cre-

ated the district of Tulia, if indeed it was invalid, and also made valid the bonds issued by such school district, which had been approved by the Attorney-General prior to the adoption of the said amendment. It appears that the issue of $15,000 of bonds was authorized by a vote of the people and that $8,000 of such bonds had been sold before the institution of this suit. It does not appear from the evidence affirmatively that these bonds had been approved by the Attorney-General. The effect of the amendment upon this case is that it leaves the levies of taxes which were enjoined in the first instance invalid and makes valid only so much of the bonds issued as was approved by the Attorney-General and registered by the Comptroller prior to the adoption of that amendment. The trustees of that district are authorized by the last amendment to the Constitution to levy a tax sufficient to pay the interest on the bonds which were made valid and also to create a sinking fund sufficient to discharge the said bonds at their maturity, which taxes shall not exceed such rate as may be provided by law.

It is ordered that the judgment of the Court of Civil Appeals be affirmed.

### ON MOTION FOR A REHEARING.

The judgment of the Court of Civil Appeals rendered in this case and the affirmance of it by this court relate to the conditions that existed at the time that such judgment of the Court of Civil Appeals was entered and does not in any way affect the power of the trustees of that school district under the Constitution as amended, nor under any law passed since its adoption. The opinion filed in this case fully explains the extent to which the judgment of the court affects the powers of the officers of that school district, but we have thought it proper to add this additional explanation so that there may be no doubt hereafter on the subject.

*Motion overruled.*

*Affirmed.*