### W. P. MASON ET AL. V. J. H. RODGERS ET AL.

#### No. 3449.

1. **Imperfect Statement of Facts.**—A statement of facts when approved did not have copied into it or otherwise made a part of it certain reports of the administrator, who with his sureties were sued for devastavit. The reports were copied into the statement of facts in the transcript, but were stricken out on motion. The verdict for plaintiffs being sustained only by the excluded reports, the want of testimony to support it is ground for reversal.

2. **Sale of Land on Credit by Administrator.**—Where suit was brought against an administrator for the proceeds of sale of land made by him on credit of twelve months, and it appearing that the greater part of the purchase money was in the hands of a purchaser to pay whose claim the sale had been ordered and made, and that the money actually received from such sale had been paid out in costs of administration, *held*, that a verdict for the amount of such purchase money in suit by heirs against the administrator and his sureties can not be sustained. To show devastavit it must be shown that the administrator either collected or could have collected the funds and has failed to account for same if collected.

APPEAL from Marion.   Tried below before Hon. J. L. SHEPARD. The opinion states the case.

*H. McKay* and *C. A. Culberson*, for appellants.

*Geo. F. Todd*, for appellees.

FISHER, JUDGE, *Section B.*—This suit was instituted December 5, 1885, by J. H. Rodgers and others, as the heirs of W. B. Ochiltree, deceased, against W. H. Mason, as the administrator of the estate of Ochiltree, and W. J. Sidberry and N. A. Berge, as sureties on Mason's administrator's bond.   The petition in substance alleged, that Ochiltree died possessed of two certain tracts of land of the value of $1000—one tract of 80 acres being situated in Cass County, and another tract of 554 acres situated in McCulloch County; that the land was reasonably worth $1.50 per acre; that Mason during his administration wrongfully and without necessity therefor sold and conveyed the Cass County lands to one J. T. Smith for the sum of $30, and the McCulloch County lands to G. B. Lipscomb for the sum of $380.80; that said price was grossly inadequate; that said sales were made in fraud of the rights of appellees; that Mason has failed and refused to pay over or account for the proceeds of said sales; that he has appropriated or otherwise disposed of the same; that Mason abandoned the administration in 1883, and that administration is now closed.   Prays for judgment against Mason and sureties in the sum of $1000 (value of the land), and in the alternative asks for judgment for the amount said lands were sold for.

Mason and Sidberry answered by general and special demurrers and general denial, and that the land in controversy was the community property of Ochiltree and his wife Mrs. A. A. Ochiltree, who survived him; that plaintiffs were in nowise related to said surviving wife, except only as step-children, but were the children of Ochiltree by a former marriage; that Mrs. A. A. Ochiltree died, leaving surviving her a child; that said Mason, as administrator, sold said lands under and by virtue of orders of the County Court of Marion County, properly and lawfully made; that said sales were duly and lawfully reported to the County Court, and were approved and confirmed, and the administrator ordered to make title to the purchasers; that said administrator has long since fully accounted for the proceeds of said sale to the County Court in his final account with said estate; that said final account or report was duly presented to the County Court, and was approved and allowed and said administrator discharged; that the said Lipscomb had a valid claim against the estate which was allowed and approved; that said lands were sold to pay said claim; that the sale was on a credit of twelve months; that said Lipscomb was entitled

to credit said amount due on the purchase money from him for the McCulloch lands on said claim; that the administrator never received or disbursed any of the proceeds of said sales only as was set forth in the final account which was allowed; that in any proceedings after his discharge to set aside the judgment allowing the claim of Lipscomb, the administrator was not a party, and is not bound by any judgment setting said claim aside.

Upon the special exceptions to plaintiffs' petition being sustained they filed a trial amendment, wherein they only claim and seek to recover the amount for which said lands were sold, with interest, by the administrator.

Verdict and judgment was rendered in appellees' favor for the sum of $458.77.

At the last term of this court at Tyler, upon motion made by appellees, we struck out and excluded from the record so much of the statement of facts as sets out written documents and instruments, for the reason that the statement of facts as originally prepared did not contain such written instruments, but simply referred to them, with a request that they be copied into the statement of facts. It is these instruments that were copied into the statement of facts after its approval and filing that we excluded. It seems that the evidence relied on by plaintiffs to establish the liability of Mason as administrator for the amount for which he sold the Cass and McCulloch County lands, and for which they allege he failed to account, consists solely of the statements made and contained in his final report. This final report was one of the instruments excluded by us for failure to comply with the rules in preparing statements of facts. The absence of this excluded report from the record leaves the appellees without sufficient evidence to support the verdict and judgment. This is not a case in which there is no statement of facts, and for which reason we would presume everything necessary so far as the evidence is concerned that would support the judgment. But here there is a statement of facts for what it is worth, left after these instruments are excluded. It was the exclusion of these instruments, which were inserted in violation of law, that renders the statement of facts incomplete. We think the most of this evidence in the record in proof of plaintiffs' right to recover is reached by the seventh assignment of error. Further, if we would deem it proper to consider these excluded instruments as evidence, we would nevertheless have to reverse the case under the questions presented in the assignments, because the evidence is not sufficient to support the judgment. The plaintiffs in their trial amendment admit the validity and binding effect of the sale by the administrator, and in proof of such sale offer in evidence his final report, wherein it is stated that the lands were sold on a credit of twelve months, and that the proceeds of the sale of the McCulloch County lands have not been paid to him or received by him,

but are still in the hands of Lipscomb, the purchaser, who holds the same with a view of crediting the amount on his claim. The report further shows, that the amount actually received by the administrator went toward paying costs of administration, and that the estate is indebted to him. This report is all the evidence in the record relied upon as fixing the liability of the administrator. It is apparent from this that no money resulting from the sale of the McCulloch County lands came into his hands. The order of the court required a sale on credit. He could not demand from the purchaser when he sold the land the immediate payment of the purchase price thereof. The obligation of the purchaser to pay for the land became a debt due the estate. For the collection of this debt the administrator is charged with the exercise of diligence. In order for devastavit to occur, it must be shown that the administrator either collected the debt or could have collected it by the use of diligence, and has failed to account for same if he has collected. Townsend v. Munger, 9 Texas, 309.

We conclude the cause should be reversed and remanded, and so report it.

*Reversed and remanded.*

Adopted February 16, 1892.

A motion for rehearing was overruled.