J. E. STANLEY v. J. T. EVANS ET AL.

Decided November 18, 1903.

**1.—Contract—Consideration—Evidence—Harmless Error.**

In a suit on a written contract reciting a consideration, with no plea of failure thereof, proof of a consideration not recited was harmless error, as one was presumed, especially in a trial without a jury.

**2.—Contract—Surety—Release.**

Evidence considered, and held to support a finding that an extension of time for performance of a contract was a mere forbearance, without consideration, acquiesced in by a surety, and which did not discharge him.

Appeal from the District Court of San Saba. Tried below before Hon. Clarence Martin.

This appeal is prosecuted by the defendant below on a judgment for damages for breach of contract.

*W. M. Allison* and *Leigh Burleson,* for appellant.

*Rector & Brown,* for appellees.

STREETMAN, ASSOCIATE JUSTICE.—This suit was brought by appellees, Evans and Kirkpatrick, to recover of Huffstuttler Bros. as principals, and J. E. Stanley as guarantor, damages for failure to comply with a written contract binding said Huffstuttler Bros to deliver certain cattle to said appellees. Judgment was rendered against all the defendants, and Stanley alone has appealed.

The first assignment of error complains that the plaintiffs were permitted to prove a consideration for the contract paid in cattle and not in money. The contract was in writing and recited a consideration, and there was no plea of failure of consideration. There was nothing in the testimony that was introduced that could have had any prejudicial effect, especially as it was a trial by the court, without a jury, and the evidence simply proved a fact which the law would have presumed in the absence of any proof. The evidence was unnecessary but harmless.

Appellant plead that the time of the delivery of the cattle was extended from October, 1901, as provided by the contract, until March 1, 1902, and that this extension was made without his consent, and he was thereby released from his guaranty. The evidence showed that Huffstuttler Bros., the principals in the contract, failed to deliver the cattle in October, as agreed, and that the plaintiffs immediately notified them, as well as appellant, and demanded performance of the contract. Appellant replied, in substance, that he thought Huffstuttler Bros. would fix it up, as they had always performed their contracts with him. Huffstuttler Bros. replied with a proposition to deliver two-year-old steers in March, 1902, at $18 per head, in lieu of the yearlings which they had agreed to deliver in October, 1901, at $14 per head. Plain-

tiffs declined this, but informed said Huffstuttler Bros. that they *would accept* the same cattle in March, 1902, at $14 per head, which they should have delivered in October, 1901. Plaintiffs testified further that they would have accepted them at any time before March, 1902.

The evidence further shows that plaintiff Evans and defendant Stanley and one of the Huffstuttler Bros. met at Fort Worth in March, 1902. There is some conflict in the evidence, but the plaintiff Evans testifies that Stanley was fully informed of all that had transpired between his firm and Huffstuttler Bros., and they "all talked the matter over, and they again promised to carry out their contract." At this interview only three persons seem to have been present, Evans, Stanley and A. A. Huffstuttler, and "they" could hardly be understood as not including Stanley. It could certainly, without any strained construction, be held to include him.

In order to release Stanley, as guarantor, it was necessary that there should have been an agreement, based upon a valuable consideration, and binding both parties to the contract, for an extension of the time of delivery (Benson v. Phipp, 87 Texas, 578) ; and it would seem that even after such agreement had been made without the knowledge of the guarantor, he might waive his discharge without any new consideration, and would do so by a new promise to perform the contract. 24 Am. and Eng. Enc. of Law, 1 ed., p. 832, and cases cited in note 1.

The lower court made the following among other findings: "That the time embraced between the maturity of the contract to the date of filing this suit was merely a forbearance of plaintiffs without any consideration, and that they were constantly demanding of defendants the complete performance of the contract in all its terms, and that defendant, J. E. Stanley, acquiesced therein by writing plaintiffs he had written defendants, Huffstuttler Bros., to carry out their said contract with plaintiffs, and again by taking plaintiff Evans to Huffstuttler again in Fort Worth 'to fix it up;' and that defendant, J. E. Stanley, by his acts and words ratified all that plaintiffs did in trying to secure their complete performance of the entire contract."

We conclude that these findings are sustained by the law as applied to the evidence stated.

There being no error in the judgment, it is therefore affirmed.

*Affirmed.*