G. H. Newnom v. H. H. Neill et al.

Motion No. 1734. Decided October 23, 1907.

**1.—Jurisdiction of Supreme Court—Mandamus.**

The Supreme Court can issue mandamus to the Court of Civil Appeals only in cases where such order is necessary to enforce its own jurisdiction; and having none in a boundary case, it cannot require the Appellate Court to reinstate documentary evidence struck from the record, nor to certify for review the question of the correctness of its action in striking out such evidence. (Pp. 42, 43.)

**2.—Same—Certified Question—Conflict.**

The court of Civil Appeals cannot be required to certify a question to the Supreme Court on the ground that its ruling conflicts with a decision of the Supreme Court. (P. 43.)

Motion by Newnom for leave to file in the Supreme Court a petition for writ of mandamus against the judges of the Court of Civil Appeals for the Fourth District.

*James & Yeiser,* for relator.

Mr. Chief Justice Gaines delivered the opinion of the court.

This is a motion to file a petition for a writ of mandamus against the judges of the Court of Civil Appeals for the Fourth Supreme Judicial District. We are of opinion that the motion should be overruled.

George E. Williamson, who is made a corespondent in the petition for mandamus, brought suit against the relator and one S. T. White to recover a tract of land lying in Jackson and Matagorda Counties. There was a verdict and judgment for the plaintiff, from which the defendants appealed. A stenographer's report of the oral evidence was made out and approved as a statement of facts and was sent up with the transcript. The clerk also made out a copy of the documentary evidence, including maps and sketches, and sent it up with the transcript. On motion of appellees the Court of Civil Appeals struck out the documentary evidence above referred to and affirmed the cause. It appears from the petition for mandamus that it was a boundary suit in which the jurisdiction of the Court of Civil Appeals is final. The prayer is that the Court of Civil Appeals be compelled to reinstate the documentary evidence and to again consider the case with that as a part of the statement of facts; and also that they be required to certify the question of striking out the evidence for the determination of this court.

We are clearly of the opinion that neither prayer can be granted. We have no power to issue a writ of mandamus against the Court

of Civil Appeals except to enforce our jurisdiction (Constitution art. V, sec. 3), and since we have no jurisdiction of this case there is no jurisdiction to enforce.

Another ground upon which it is sought to compel respondents to certify the question is that their ruling upon the question of considering the statement of facts is in conflict with the decision of this court in the case of Mason v. Rogers, 83 Texas, 389. But the statute does not make it the duty of the Court of Civil Appeals to certify in such a case. It is only when the ruling of the Court of Civil Appeals conflicts with the decision of some other Court of Civil Appeals that the statute makes it their duty to certify the question. (Laws 1899, p. 170.)

The motion to file the petition for the writ of mandamus is accordingly overruled.