TEXAS & PACIFIC RAILWAY COMPANY v. SAM P. WILLSON ET AL.

Motion No. 1766. Decided January 8, 1908.

**1.—Certifying Question—Conflicting Cases.**

The conflict of decisions on which the Courts of Civil Appeals are required to certify a question to the Supreme Court (Act of May 9, 1899, Laws 26th Leg. p. 170) is of their ruling with the decision of another Court of Civil Appeals, not with that of the Supreme Court; and of the latter class are cases in which the Court of Civil Appeals had merely followed the ruling of the Supreme Court to which it had certified the question. (P. 270.)

**2.—Railway Fences—Cases Distinguished.**

The ruling of the Court of Civil Appeals in this case distinguished from that in Missouri, K. & T. Ry. Co. v. Hanacek, 23 Texas Civ. App., 394, and in Houston & T. C. Ry. Co. v. Hollingsworth, 29 Texas Civ. App., 306, and Texas & P. Ry. Co. v. Huffman, 71 S. W. Rep., 779. (Pp. 270, 271.)

Motion by the railway company for leave to file application to the Supreme Court for writ of mandamus to require the Court of Civil Appeals for the Sixth District to certify a question on the ground of conflict of decisions.

*W. L. Hall and Kennedy & Robbins,* for relator.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a motion to file a petition for the writ of mandamus to compel the judges of the Court of Civil Appeals for the Sixth Supreme Judicial District to certify to this court a question arising in the case of the Texas & Pacific Railway Co. v. Sproles, recently decided in that court, upon the ground that there is a conflict in the decision of the court in that case with decisions of other Courts of Civil Appeals in cases cited.

By an act of the Legislature, approved May 9, 1899, it is provided that "in any cause that is now pending or may hereafter be pending in any of the Courts of Civil Appeals of the several supreme judicial districts of the State of Texas, any one of said courts may arrive at an opinion in the decision of any of said causes that may be in conflict with the opinion heretofore rendered, or hereafter rendered, by some other Court of Civil Appeals in this State on any question of law, and said Court of Civil Appeals refuses to concur with the opinion so rendered by the said other Court of Civil Appeals, it shall be the duty of said court failing to concur with the opinion in conflict with the opinion so arrived at by said court, through its clerk, to transmit the question of law, duly certified to, involved in the cause wherein said conflict of opinion has arisen, together with the record or transcript in said cause to the Supreme Court of the State of Texas for adjudication by said Supreme Court." (Laws, 1899, p. 170.) The conflict which makes it the duty of a Court of Civil Appeals to certify a question is with the decision of some other Court of Civil Appeals and not with the decision of the Supreme Court. The case principally relied upon to show a conflict is that of the Missouri, Kansas & Texas Ry. Co. v. Hanacek, 23 Texas Civ. App., 394, 93 Texas, 446. It will be noted, that in that case the question had been certified to the Supreme Court by the Court of Civil Appeals and in deciding the case the latter court merely followed the decision of this court. The purpose of the law was merely to settle a conflict of decision between two or more courts of civil appeals. We think the decision in that case should be treated as the decision of the Supreme Court and not that of the Court of Civil Appeals. But should we be mistaken about this, we find no such conflict between the decision of the Court of Civil Appeals in the present case and that of the Court of Civil Appeals for the First Supreme Judicial District in the Hanacek case as makes it the duty of the former court to certify the question. In the Hanacek case, it is held that where there is a crossing of a railroad track which is fenced, and the crossing is protected by gates in the right of way fences, the railroad company owes no duty with respect thereto except to the owner. The present case involved the duty of the railroad company across whose track there is an open crossing protected by cattle guards with wing fences to keep its cattle guards in good condition. It is obvious that the questions are quite different and that there is no conflict between the decisions.

The other two cases relied upon as showing a conflict are the case of Houston & Texas Central Ry. Co. v. Hollingsworth (29 Texas Civ. App., 306, 68 S. W., 724) and that of the Texas & Pacific Ry.

Co. v. Huffman (71 S. W. Rep., 779). It is merely asserted in the petition that the decisions in these cases conflict in principle with the decision in the instant case. Waiving the question whether a conflict in principle is sufficient to make it the duty of the Court of Civil Appeals to certify a question, we find no such conflict in either of the cases relied upon to show it. It is sufficient to say in reference to the Huffman case (71 S. W. Rep., 779), that the question there was, as in the Hanacek case, as to the duty of a railroad company in reference to the gates in a right of way fence for the purpose of affording a farm crossing—while in the present case the question is as to the duty to keep the cattle guards in efficient condition, where the crossing is open and protected by cattle guards and wing fences. These, in our opinion, are very different questions.

So in the Hollingsworth case (29 Texas Civ. App., 306), the plaintiff whose mules were killed was not a tenant of the owner of the land, while in the instant case it appears that Sproles was not only the tenant of Baker for whose benefit the crossing was made, but had Baker's permission to use the pasture for the protection of the stock in which the cattle guard was constructed. It is certainly a question whether the rights of a tenant under such circumstances are not different from those who have no rights in the land on which the cattle guards are placed.

Since the petition in our opinion shows no conflict, we overrule the motion to file it.