J. F. McKAY v. T. H. CONNER ET AL.

· No. 1786. Decided January 29, 1908.

**1.—Certified Question—Conflict of Decisions.**

It is not made the duty of the Court of Civil Appeals to certify a question on the ground that their ruling conflicts with a decision of the Supreme Court. (P. 313.)

**2.—Same—Cases Distinguished.**

The rulings in Calverley v. Shank, 67 S. W. Rep., 434; Buckler v. Turbeville, 17 Texas Civ. App., 124; Messer v. Cross, 63 S. W. Rep., 169; Robinson v. Wingate, 36 Texas Civ. App., 65; Mercer v. Woods, 33 Texas Civ. App., 642; distinguished and held not in conflict with that of the Court of Civil Appeals herein. (P. 314.)

**3.—Conflict of Decisions.**

The conflict of ruling under which it is required that the question be certified to the Supreme Court must be upon the very question decided, and not in the reasoning by which the conclusion is reached. (P. 314.)

Motion in the Supreme Court for leave to file a petition for writ of mandamus requiring the judges of the Court of Civil Appeals for the Second District to certify a question on the ground of conflict in rulings.

*Knight & Slaton,* for relator.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a motion to file a petition for a writ of mandamus against the justices of the Court of Civil Appeals for the Second Supreme Judicial District to compel them to certify for the decision of this court a question decided by them in the case of E. L. Swinson v. J. F. McKay. It is claimed that the decision is in conflict with two cases in the Supreme Court, with one in the same Court of Civil Appeals and several others in other Courts of Civil Appeals.

The statute does not make it the duty of the Court of Civil Appeals to certify a question for the reason that the decision conflicts with a decision of the Supreme Court. (Tex. & Pac. Ry. Co. v. S. P. Willson et al., 101 Texas, 269.) So that the cases

cited from the Supreme Court require no discussion. The point decided in the present case is that where a contestant of an election has served the contestee with a written notice of his intention to contest the election, stating the grounds of contest, within thirty days after the "return day of the election," he need not file copies of the contest and answers within such thirty days. "Only this and nothing more" was decided. No such question was involved or determined in Calverley v. Shank (67 S. W. Rep., 434), the first case from the Court of Civil Appeals relied on to show a conflict. Nor was such question involved in McKnight v. Stone, referred to in the opinion in Calverley v. Shank. It was held there merely that a party in a contested election case was not entitled to a trial by jury.

In the next case, Buckler v. Turbeville, 17 Texas Civ. App., 124, the sole point decided was that a writ of error does not lie from a judgment in case of a contested election.

In Messer v. Cross (63 S. W. Rep., 169), it was merely held that it was sufficient, to institute a contest of a local option election, to serve a copy of the petition and citation issued by the clerk, instead of serving the contest and the filing it with the clerk.

In Robinson v. Wingate (36 Texas Civ. App., 65), it was held, that equity has no jurisdiction to prevent by injunction the publication of the result of a local option election, on the ground either of its invalidity or unfairness in conducting it, even at the suit of liquor dealers on allegation of irreparable injury to their property in case publication is made.

Mercer v. Woods (33 Texas Civ. App., 642), is the last case from a Court of Civil Appeals cited to show a conflict. There it was held, that serving the contestee with notice in writing of the contest and of the ground thereof was indispensable to the jurisdiction of the court and that it could not be waived even by consent.

It is evident from the foregoing statement, that in neither of the cases cited to show a conflict was the point involved which was decided in the case in which it is sought to compel the Court of Civil Appeals to certify the question. When one court decides a question one way, and another court makes a contrary ruling upon the same question, there is a conflict. Hence unless the question be the same, there can be no conflict. But counsel have labored in argument strenuously to show that the principles announced in the cases cited necessarily lead to a conclusion adverse to that arrived at by the Court of Civil Appeals in the present case. But we do not think that such is the fact. Besides we are of opinion that the conflict must be upon the very question decided and not in the reasoning by which the conclusion is reached.

Being of opinion that no conflict is shown, the motion to file the petition for the writ of mandamus is overruled.