**KARNSTADT v. NICKLE.** (No. 6651.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 18, 1922.) Appeal from District Court, Karnes County; Covey C. Thomas, Judge. Suit by L. F. Karnstadt against Mrs. C. Nickle. From an order dissolving an injunction, plaintiff appeals. Affirmed.

SMITH, J. This is an appeal from an order dissolving an injunction. No statement of facts has been filed, and neither party appears to have briefed the case. We have examined the transcript, which discloses no error of a fundamental nature. The judgment of the court below is affirmed.

---

**SCHAFF v. SAUNDERS.** (No. 2457.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 17, 1921.) Appeal from Harrison County Court; W. H. Strength, Judge. Suit by John Saunders against C. E. Schaff, Receiver. Judgment for plaintiff, and defendant appeals. Affirmed. Schluter & Singleton, of Jefferson, for appellant. Scott & Casey, of Marshall, for appellee.

HODGES, J. This suit was instituted in the justice court to recover the value of a mule killed by the appellant railroad company. The principal issue is one of fact. Appellant contends that the evidence shows that the mule was struck at a point where the right of way could not be fenced without interfering with traffic. The evidence offered by the appellee justified a finding that the mule was struck and fatally injured inside of the inclosure of the railroad track near the station of Baldwin; that the fence had been permitted to get out of repair, so that stock could enter upon the fenced right of way. The finding of the jury upon that issue will not be disturbed. The judgment is affirmed.

**WAGGONER BANK & TRUST CO. v. WARREN.** (No. 1047.) (Court of Civil Appeals of Texas. Texarkana. Dec. 22, 1921.) Appeal from District Court, Tarrant County; W. T. Simmons, Judge. On hearing after remand from the Supreme Court, with answers to certified questions. 234 S. W. 387. Former judgment set aside, and judgment affirmed in conformity to answers to certified questions. Bell & Milam, of Fort Worth, for appellant. Hunter & Hunter, of Fort Worth, for appellee.

WILLSON, C. J. By a judgment entered November 21, 1912, this court reversed the judgment of the trial court in favor of appellee, and rendered judgment that she take nothing by her suit against appellant. 152 S. W. 691. Afterwards, to wit, on April 6, 1917, in compliance with a writ of mandamus granted by the Supreme Court (Warren v. Willson, 108 Tex. 262, 192 S. W. 529), issued April 3, 1917, this court certified the following questions to that court: "(1) Did this court err in holding, on the facts hereinbefore stated, that the trial court erred when he rendered judgment in favor of appellee against appellant for the $700 appellee deposited with it? (2) Did this court err in holding as a matter of law that, on said facts, appellee was not entitled to recover of appellant said sum of money or any part of same, and, after reversing the judgment of the trial court in her favor, in rendering judgment here that she take nothing by her suit against appellant?" Both questions were answered in the affirmative by the Supreme Court, in an opinion delivered October 26, 1921 (234 S. W. 387), a copy of which was filed here December 15, 1921. It follows, from the facts stated, that this court should set aside the judgment it rendered November 21, 1921, and should, instead, affirm the judgment of the court below. It is ordered accordingly.