JAMES GARITTY ET AL. v. ANSON RAINEY, CHIEF JUSTICE, ET AL.

No. 3725. Decided January 31, 1923.

(247 S. W., 825.)

**1.—Mandamus—Certified Question—Conflict.**

The Court of Civil Appeals cannot be required by mandamus to certify a question to the Supreme Court on the ground that its ruling therein conflicts with that of the Supreme Court. Article 1623, Revised Statutes, requires such certificate only where the ruling conflicts with a previous ruling by another Court of Civil Appeals. Smith v. Conner, 98 Texas, 434, and other cases followed. (p. 374).

**2.—Same.**

The conflict with previous rulings of another Court of Civil Appeals which will require the certification of the question to the Supreme Court must be so far upon the same question and the same state of facts that the decision in one case is necessarily conclusive upon the other. Coultress v. City of San Antonio, 108 Texas, 150; McKay v. Conner, 101 Texas, 313; followed. (p. 374).

**3.—Same—Constitutional Law—Cities—Charter Amendment—Taxation—Home Rule.**

It was ruled on appeal in this case that a city operating under charter adopted in pursuance of article II, section, 5, of the Constitution as amended (home rule amendment), in voting an amendment to its charter increasing the power of taxation for public schools, was not subject to article 11, section 10, of the Constitution requiring two thirds of its tax-payers to vote for such increased tax. On application for mandamus to require such question to be certified to the Supreme Court because of conflict with rulings in Cummins v. Gaston, 109 S. W., 476; Snyder v. Baird Ind. Sch. Dist., 109 S. W., 472; Jenkins v. De Witt, 115 S. W., 610; it is *held* that these decisions, having been pronounced before the adoption and not involving the effect of the Home Rule Amendment, were not in conflict with the ruling herein (the correctness of which is not passed on), and that mandamus much be refused. (pp. 374, 375).

Original application to the Supreme Court for writ of mandamus requiring the Court of Civil Appeals for the Fifth District to certify a question to the Supreme Court.

Vol. 112—24.

*Richard Mays, W. W. Ballew,* and *J. F. Stout,* for relators.

Cities and towns have no power to levy taxes for school purposes other than as expressly authorized by the constitution. City of Fort Worth v. Davis, 57 Texas, 225; Dwyer v. Hackworth, 57 Texas, 245; Perry v. Rockdale, 62 Texas, 451; Werner v. Galveston, 72 Texas, 29; City of El Paso v. Conklin, 91 Texas, 539; City of El Paso v. Ruckman, 92 Texas, 91; State v. Brownson, 94 Texas, 440; Snyder v. Baird Independent School District, 102 Texas 4; City of Rockdale v. Cureton, 111 Texas, 136, 229 S. W., 852.

The amendment of the charter of a city is authorized by section 5, Article 11, by a majority vote but this article does not authorize a special school tax to be voted and levied by a majority vote of the qualified voters of such town. When special school taxes are to be voted upon for the support of the schools in a city constituted an independent school district, section 10, Article 11, controls elections and two-thirds of the tax payers of such town or city must vote in favor of such tax.

The city of Corsicana amended the special charter granted in 1903 at an election held under the provision of section 5, Article 11, in 1916. All powers possessed by the city under the amended charter were strictly municipal purposes, and it did not have any power to change the provisions of section 10, Article 11, in regard to levying and collecting special taxes, which can only be levied after an election has been held, and tax adopted by a vote of two-thirds of the tax payers of such city. The independent school district of Corsicana, is not the same thing as the municipal corporation of Corsicana. The two corporations are separate and distinct and must not be confused. A city, in its capacity as a school district, has no other power to levy school taxes than can be found expressly authorized in the constitution and the express authority is only found in section 10, Article 11, of the constitution.

There is no conflict between section 3, Article 7, and section 10, Article 11, nor between section 5, Article 11, and section 10, Article 11, but if there were, the special provision of section 10, Article 11 should be given effect to the full extent of its scope, leaving the general provision of section 3, Article 7, and section 5, Article 11, to control where the special provisions do not apply. Corpus Juris Vol. 12, p. 709; Warren v. Shuman, 5 Texas 441; San Antonio v. Tapperwein, 104 Texas, 43; Railway Company v. Rambolt, 67 Texas, 654; Smith v. Grayson Co., 18 Texas Civ. App., 153, 44 S. W., 921.

The repeal of constitutional provisions by implication is not favored, and an amendment should not be construed as effecting any greater innovations on the existing constitution than is reasonably necessary to accomplish the object of its enactment. Corpus Juris 12 p. 710; State v. Railway Company 102 Ala., 475; Ferrill v. Keel, 151 S. W., 269; State v. Butler, 70 Fla., 102; In re McCormick's Est., 72 Ore., 608.

*Callicutt & Johnson, Hawkins Scarborough,* and *Fred Upchurch,* for respondents.

The amendment of Sections 41 and 45 of the Charter of the City of Corsicana was the general subject of taxation, and the apportionment of a part of the taxes authorized to be levied for the purpose of the support of free schools and the maintenance of a free library, and this was in no sense an election to levy a school tax, but said election was for the purpose of adopting an amendment to the general subject of taxation, which could be levied and collected by the City Commission of the City of Corsicana.

It is submitted that a majority of the legally qualified voters of the City of Corsicana was all that was required to amend Section 41 and Section 45 of its City Charter, and that it was not necessary that said election should have been carried by two-thirds majority vote, and that it was not necessary that voters who voted at said election should be property tax-paying voters.

It is not necessary that a voter at said election should have been a property tax-paying voter, but all that was required of him was that he be a qualified voter residing the requisite length of time within the City of Corsicana, and it was not necessary that the vote to adopt said amendment of the city charter should be carried by two-thirds majority, but a majority only was necessary. Constitution of Texas, Art. 11, Sec. 5; Constitution of Texas, Art. 7, Sec. 3; Revised Statutes, Art. 1096-b; Revised Statutes, Art. 2875, 2876, 2878 and 2879; City of Fort Worth v. Cureton, 110 Texas, 590, 222 S. W., 531; City of Rockdale v. Cureton, 111 Texas, 136, 229 S. W., 852; Winters v. Independent School District of Evant, 208 S. W., 574; Lane v. Herring, 190 S. W., 778; Kempen v. Bruns, 195 S. W., 643; Cain v. Lumsden, 204 S. W., 115; Rhomberg v. McLaren, 2 Texas Civ. App., 391, 21 S. W., 571; Hillsman v. Faison, 23 Texas Civ. App., 398, 57 S. W., 920; Werner v. City of Galveston, 72 Texas 29; City of El Paso v. Ruckman, 92 Texas, 91; State v. Vincent, 217 S. W., 402; State v. Brownson, 94 Texas, 440; Itasca Ind. School Dist. v. McElroy, 124 S. W., 1011; Eagle Lake v. Lakeside Rice Milling Co., 144 S. W., 712; Revised Statutes, Art. 2876.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This is an original proceeding for mandamus to require the Court of Civil Appeals for the Fifth District to certify to this Court certain questions determined by them in the case of James Garitty et al. v. J. L. Holbert, Mayor, et al. The opinion of the Court of Civil Appeals, containing a full statement of the case, is reported in 235 S. W., 231. The relators here were plaintiffs in the trial court and appellants in the Court of Civil Appeals. The suit is the contest of an election, and the judgment of the Court of Civil Appeals is final. Revised Statutes, Article 1591.

On December 11, 1917, the City of Corsicana adopted a charter under Section 5, Article 11, of the Constitution and the laws passed thereunder, which provide for what is generally known as "home rule" for cities of the class to which Corsicana belongs.

Section 41 of the charter declared that the City Commissioners and officers of the City should have nothing to do with the city schools, except the levying of taxes provided for for the purpose of maintaining the schools and for the collection thereof; that the Commission should have no discretion in fixing the rate at which taxes should be assessed and levied each year for the benefit of the public free schools, provided that the rate should not exceed one-half of one per cent. of the value of property subject to taxation, but should assess and levy the rate fixed annually by the Board of School Trustees.

Section 45 provided, among other things, that the City Commission could levy taxes not exceeding 1.55 per centum of the assessed valuation of property for general purposes, including fifty cents for schools.

An election was ordered by the City Commissioners of Corsicana to be held on May 18, 1920, to determine whether or not these sections of the charter should be amended. The election was held on the date named by virtue of an ordinance passed and approved April 6, 1920, with the result that the amendments were declared adopted. Upon contest of its validity by relators, the election was sustained by the trial court and the Court of Civil Appeals.

The material changes made in the original sections of the charter by the amendments declared adopted were that seventy-five cents was substituted for fifty cents in Section 41, providing a limit of taxation for school purposes, and 2-½ per cent, was substituted for 1.55 per cent. as contained in the original Section 45 for other purposes. The original and amended sections of the charter are set out in the opinion of the Court of Civil Appeals, and we deem it unnecessary to restate them.

The City of Corsicana within its own territorial limits constituted an independent school district, the control of which was in a Board of School Trustees. It had the dual character which this Court has previously referred to. City of Rockdale v. Cureton, 111 Texas, 136, 229 S. W., 852.

The contention of relators in the court below and in the Court of Civil Appeals was that taxes for school purposes could only be voted by the City upon compliance with the Constitution and laws governing cities which had assumed control of their schools and become independent school districts; that Section 10 of Article 11 of the Constitution and laws passed thereunder must govern. This contention was overruled by the Court of Civil Appeals, on the ground that the provisions of Section 10 Article 11 of the Constitution and the laws

thereto had been superseded, in so far as the City of Corsicana was concerned, by the "home rule" amendment to the Constitution and the enabling act adopted thereunder.　The Court of Civil Appeals in part said:

"The provisions of section 10 of article 11 do not apply to the holding of said election, as said election was not 'to levy and collect a tax for the support and maintenance of a public institution of learning" within the meaning of said constitutional provision, but was an election held under the provisions of section 5 of article 11 to amend the charter of the city of Corsicana in the particulars hereinabove pointed out.　Therefore the provision of section 10, art. 11, requiring 'two-thirds of the taxpayers of such city or town to vote for such tax, did not apply to the holding of such election, and cannot be held to be a limitation upon the provisions of said section 5; for to so hold would be creating a conflict that in fact does not exist, and, if in fact any conflict did exist, section 5 of article 10 would prevail as being the last expression of the sovereign will of the people of the State.　Without comment we deem it sufficient to refer to the following authorities in support of the conclusion we have reached, which requires that this assignment be sustained, namely: Const., art. 7, §3, art. 8, §9, and art. 11, §§5, 10; articles, 1096a and 1096b, Vernon's Sayles' Texas Civil Statutes, 1914; City of Fort Worth v. Davis, 57 Texas, 225; Werner v. City of Galveston, 72 Texas, at page 29, 7 S. W., 726, 12 S. W., 159; City of El Paso v. Ruckman, 92 Texas, at page 91, 46 S. W., 25; City of Fort Worth v. Cureton, Attorney General, 110 Texas, 590, 222 S. W., 531; City of Rockdale et al. v. Cureton, Attorney General, 111 Texas, 136, 229 S. W., 852; State ex rel. Wayland et al. v. Vincent et al., 217 S. W., 402.　We therefore hold that said election held on the 18th day of May, 1920, under and by virtue of ordinance passed by the commission of the city of Corsicana on the 6th day of April, 1920, was for the purpose of amending sections 41 and 45 of the charter of said city of Corsicana adopted December 11, 1917, and that the inhabitants of the city of Corsicana had the right to amend said charter by a majority vote of the qualified electors thereof, and further it was not necessary for a voter to be a property tax-paying voter in order to participate in such election."

Relators moved the Court of Civil Appeals to certify to this Court the following questions:

"(1)　Whether Section 10 of Article 11 is applicable and controlling in so far as a vote of the school tax was concerned; and (2), whether by the adoption of Section 5 of Article 11 and Section 3 of Article 7 they operated to supersede and repeal Section 10 of Article 11."

In the motion it was claimed by the relators that the construc-

tion given to Section 10 of Article 11 was in conflict with the cases hereafter referred to. The Court declined to grant the motion to certify, and the relators, upon leave, filed their petition for mandamus in this Court.

The grounds upon which we are urged to issue the writ are: (1) That the opinion of the Court of Civil Appeals is in conflict with opinions of other Courts of Civil Appeals in other cases; and, (2) that it is in conflict with the opinions of this Court.

Article 1623, Revised Statutes, requires Courts of Civil Appeals, whenever in any cause pending they reach a conclusion in conflict with an opinion theretofore rendered by another Court of Civil Appeals, and with which they decline to concur, to certify such conflict to the Supreme Court. It is not made the duty of the Court of Civil Appeals to certify any conflict which their opinion may present with the opinions of the Supreme Court. Therefore, the insistence that we should grant a writ of mandamus in this case because the opinion of the Court of Civil Appeals may be in conflict with opinions of this Court, can not be sustained. Mandamus does not lie when the conflict alleged is with the opinions of the Supreme Court. In such case the duty to certify does not devolve upon the Court of Civil Appeals; and, having no duty to perform, we have no jurisdiction to grant the writ of mandamus. Smith v. Conner, 98 Texas, 434, 84 S. W., 815; Texas & Pacific Ry. Co. v. Willson, 101 Texas, 269, 106 S. W., 325; McKay v. Conner, 101 Texas, 313, 107 S. W., 45; Warren v. Willson, 108 Texas, 262, 192 S. W., 529.

However, in this case the relators claim that the opinion of the Court of Civil Appeals is in conflict with the opinions of other Courts of Civil Appeals in the following cases, to-wit: Cummins v. Gaston, 109 S. W., 476; Snyder v. Baird Independent School District, 109 S. W., 472; Jenkins v. DeWitt, 115 S. W., 610.

The first two cases were decided by the Courts of Civil Appeals in 1908, and the last one in 1909; and all three of the decisions were prior to the adoption of the "home rule" amendment to the Constitution, Section 5, Article 11, which was in 1912. We have examined the cases carefully, and there is no such conflict as gives this Court jurisdiction to require the certification.

The conflict in decisions of Courts of Civil Appeals which will authorize this Court to issue a writ of mandamus and require certification must be upon a question of law involved and determined, and such that one decision would overrule the other if both were rendered by the same court. The conflict must be well defined. An apparent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient. The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other. In other

words, the rulings alleged to be in conflict must be upon the same question, and unless this is so there can be no conflict. Coultress v. City of San Antonio, 108 Texas, 150, 179 S. W., 515; McKay v. Conner, 101 Texas, 313, 107 S. W., 45.

What the Court of Civil Appeals really held in this case was, that by virtue of Section 5, Article 11, of the Constitution and the enabling act thereunder, the inhabitants of the City of Corsicana had the right to amend their charter by a majority vote of the qualified electors, and in doing so levy a tax for school purposes, and that it was not necessary for a voter to be a property tax-paying voter in order to participate in such an election. No such question was an issue in any of the cases with which it is alleged this opinion conflicts. In fact, the three cases with which it is said the opinion in this case conflicts were rendered long before the "home rule" Section 5, Article 11, of the Constitution was adopted. Therefore, in the nature of things, there could not be a conflict. However, we desire to be understood in this matter. We are not deciding that the opinion of the Court of Civil Appeals here involved is correct or incorrect. That question is one we are not passing on, but reserve our decision fully and completely until it is presented in a cause over which we have jurisdiction. What we are deciding is that we have no jurisdiction to issue a mandamus in this case, because no such conflict is shown as warrants the granting of this extraordinary writ against a Court of Civil Appeals. The merits of the controversy as to the correctness of the opinion of the Court of Civil Appeals are not here involved.

The mandamus is refused.