## JARECKI MFG. CO. v. HINDS.*
### (No. 1088–4982).

Commission of Appeals of Texas, Section A. May 16, 1928.

**1. Courts ⬅247(7)—Decision that written contract was unambiguous and that intention must be derived from its terms without considering parol evidence held not in conflict with other decisions of courts of Civil Appeals.**

Ruling of Court of Civil Appeals that written contract of guaranty was not ambiguous, that intent of parties must be gathered from its terms, and that parol evidence of intention could not be considered, *held* not in conflict with other decisions of Courts of Civil Appeals.

**2. Courts ⬅247(7)—Apparent inconsistency in principles, or their application, held insufficient to create conflict in decisions.**

Apparent inconsistency in principles announced, or in the application of recognized principles, is not sufficient to create conflict in decisions within jurisdiction of Supreme Court.

**3. Appeal and error ⬅64—Suit for $978.75 held within county court's original jurisdiction, and hence not within Supreme Court's appellate jurisdiction, unless conflict in decisions exists (Rev. St. 1925, arts. 1821, 1728, subd. 6).**

Suit brought in the district court to recover $978.75 as purchase price or reasonable value of wire line, with interest, *held* a suit of which county court would have had original jurisdiction, within Rev. St. 1925, art. 1821, and hence Supreme Court is without jurisdiction, unless conflict exists, under article 1728, subd. 6, and, in absence of conflict, writ of error must be dismissed.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Action by the Jarecki Manufacturing Company against W. S. Hinds. Judgment for defendant was affirmed by the Court of Civil Appeals (295 S. W. 274), and plaintiff brings error. Writ of error dismissed.

Turner, Seaberry & Springer, of Eastland, for plaintiff in error.

Sayles & Sayles, of Eastland, for defendant in error.

NICKELS, J. [1] 1. Inter alia, the Court of Civil Appeals ruled (295 S. W. 274):

(a) There is no ambiguity in this "telegram":

"Baird, Tex.

"Jarecki Mfg. Co. Eastland, Tex. I guarantee payment five thousand ft. wire line for J. U. Johnson or R. D. Gordon not to cost over one thousand fifty dollars. W. S. Hinds."

(b) Hence "intention" of Jarecki Manufacturing Company and Hinds "must be arrived at by the terms of the instrument itself."

(c) Perforce, evidence introduced (under averments of like import) to show intent that payment of the price ($978.75) of a 4,500-foot wire line was secured by the "guaranty" ought not be considered.

On rehearing, those rulings were affirmed. Nevertheless, some of the evidence was considered and thereupon it was ruled:

"Even if we should be in error [in the conclusion of nonambiguity] it is our opinion that the evidence above quoted by appellant's witnesses clearly shows that appellant sold to R. D. Gordon a wire line different in length to the one described in appellee's telegram and at a price per foot in excess of the maximum price per foot named in the telegram."

If the "telegram" be ambiguous, it was recognized, "facts and circumstances surrounding the execution of the telegram and subsequent conduct of the parties with reference to the subject-matter" might be taken into consideration in finding the intent.

In those rulings—"(a)," "(b),'' and "(c)"—it is said the Court of Civil Appeals got into conflict with decisions in Menefee v. Bering Mfg. Co. (Tex. Civ. App.) 166 S. W. 365; El Paso Bank & Trust Co. v. First State Bank of Eustis (Tex. Civ. App.) 202 S. W. 522; Cooper Gro. Co. v. Eppler (Tex. Civ. App.) 204 S. W. 338; Cooper Gro. Co. v. Neblett (Tex. Comm. App.) 221 S. W. 963; First Nat. Bank v. Miller (Tex. Civ. App.) 277 S. W. 443; and First State Bank v. Riddle (Tex. Civ. App.) 289 S. W. 199. The instruments before the courts in the cases cited are of varying language and of relation to varying fact—situations. And in so far as the announcements occupy like ground they all seem to include recognition of the general principles undertaken to be applied by the Court of Civil Appeals here.

Conflict with the decision in Stanley v. Evans, 33 Tex. Civ. App. 535, 77 S. W. 17, is asserted in respect to the Court of Civil Appeals' rulings on the matters of "waiver and estoppel." In its discussion of the relevant assignments that court recognizes possibility of "waiver" (in a proper case) as described in Stanley v. Evans, but its ruling is that "in this case the guarantor had never been bound; there is nothing to waive until the liability is somewhere fixed; we do not think there has been any waiver of any defense by the appellee * * * because he has never been bound." We do not find a ruling on "estoppel" in Stanley v. Evans, and in the present case it was merely held that the evidence does not show "elements of estoppel."

In Turner & Clayton v. Shackleford (Tex.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied June 25, 1928.

Com. App.) 288 S. W. 815, it was held that in ascertaining whether there be "no evidence" the "question must be determined alone from the testimony tending to show" the material fact, "completely ignoring testimony to the contrary." In the opinion on rehearing here, it is said there is conflict with that ruling. But the Court of Civil Appeals did not announce a contrary rule, nor (in so far as is disclosed in the opinion itself) was that rule either ignored or misapplied.

[2] In what has been said we have not expressed and have not intended to imply a conclusion in respect to the merits of the case. We have examined the allegations of conflict for the one purpose of determining whether or not a conflict of decision within the meaning of Garitty v. Rainey, 112 Tex. 369, 374, 375, 247 S. W. 825, and cases there cited, exists. In our opinion there is (from the standpoint of requisite conflict) no more than "apparent inconsistency in the principles announced or in the application of recognized principles"; and that is not sufficient.

[3] 2. The suit was brought in the district court to recover $978.75, "the purchase price" or the "reasonable value" of the "wire line" mentioned, with interest. It was a suit of which "the county court would have had original jurisdiction" within the meaning of article 1821, R. S. 1925. Hence the Supreme Court is without jurisdiction unless "conflict" exists. Id. art. 1728, subd. 6. Since, as determined, the essential "conflict" does not exist, the writ of error ought to be dismissed as prayed by defendant in error (City of Abilene v. McMahan [Tex. Com. App.] 292 S. W. 525), and we so recommend.

CURETON, C. J. Writ of error dismissed, as recommended by the Commission of Appeals.