**J. B. COLT CO. v. WHEELER et ux. (No. 1121–5385.)**

Commission of Appeals of Texas, Section B. Jan. 29, 1930.

McNees & Roberts, of Dallas, W. C. Roszell, of New York City, Sanders, West & Stanford, of Canton, and Jones & Jones, of Mineola, for plaintiff in error.

Natt M. Crawford, of Grand Saline, and Wynne & Wynne, of Kaufman, for defendants in error.

SHORT, P. J. The writ of error in this case was granted by reason of the allegations in the application that the opinion rendered by the Court of Civil Appeals, wherein it af-

firmed the judgment of the trial court, which was the county court of Van Zandt county, was in conflict with the holding of the Supreme Court in Avery Company v. Harrison, 267 S. W. 254, and with the holding of the Court of Civil Appeals in the cases of Mid-Continent Life Insurance Co. v. Pendleton, 202 S. W. 769; Burchhill v. Hermsmeyer, 212 S. W. 767; L. D. Powell Co. v. Sturgeon, 299 S. W. 274; and Wells v. Houston, 23 Tex. Civ. App. 629, 57 S. W. 596. Assuming these allegations to have been correct, the Supreme Court was authorized to grant the writ, since under article 1728, R. S. 1925, the Supreme Court has appellate jurisdiction in those cases in which one of the Courts of Civil Appeals holds differently from a prior decision of its own, or of another Court of Civil Appeals, or of the Supreme Court upon any question of law.

The "conflict" which will confer jurisdiction upon the Supreme Court in county court cases is discussed at some length, and to us quite satisfactorily, by Chief Justice Cureton in the case of Garitty v. Rainey, 112 Tex. 369, 247 S. W. 825, 827, and by Judge Speer in the case of the City of Abilene v. McMahan, 292 S. W. 525, 528. We have carefully reviewed the opinion of Court of Civil Appeals (12 S. W.[2d] 1102) written by Associate Justice Walker of the Ninth Court of Civil Appeals, in this case, and compared that opinion with the several holdings in the several cases above mentioned, wherein it is alleged that the decision in this case is in conflict with the holdings in those cases, and have reached the conclusion that no such *conflict*, within the meaning of that word, exists. As said in Garitty v. Rainey, supra: "The conflict in decisions of Courts of Civil Appeals which will authorize this court to issue a writ of mandamus and require certification must be upon a question of law involved and determined, and such that one decision would overrule the other if both were rendered by the same court. The conflict must be well defined. An apparent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient. The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other."

In City of Abilene v. McMahan, it is said: "It is elementary that in any case some one or more of the grounds enumerated must exist to authorize the Supreme Court to assume jurisdiction at all. In the absence of such showing, the application for writ of error to the Court of Civil Appeals will be dismissed for want of jurisdiction."

Since we have reached the conclusion, based upon the reasons above stated, that the Supreme Court, under the law, is without authority to decide any question involved in this case, we recommend that the writ of error heretofore granted be dismissed.

CURETON, C. J. The writ of error is dismissed, as recommended by the Commission of Appeals.