# JUNE, 1908.

C. B. SNYDER ET AL. V. BAIRD INDEPENDENT SCHOOL DISTRICT.

No. 1850.    Decided June 17, 1908.

1.—Independent School District—Taxation—Municipal Corporation—Constitutional Law.

The limitation of the right of taxation by independent school districts which are not incorporated cities or towns to 20 cents on the hundred dollars (Const. art. 7, sec. 3) applies to the Baird Independent School District, created by Special Act of the 30th Legislature (Special Laws, 1907, p. 79) which embraced the territory of the city of Baird, covering about 960 acres of land and 44,000 acres, mostly pasture and ranch land, not included in such city limits. The fact that such Act conferred on the school district which it created the powers and duties of a town or village incorporated under the general laws of the State for school purposes only, did not make it a municipal corporation such as was contemplated by the Constitution in exempting incorporated cities or towns constituting independent school districts from the limitation of the right of taxation imposed on other districts. (Pp. 7–10.)

2.—Same—Legislative and Executive Construction.

Neither the Legislature nor the officers of the State have power, by the construction given it, to annul a plain provision of the Constitution. (Pp. 9, 10.)

ON MOTION FOR REHEARING.

3.—Same—School District Bonds.

The issue of bonds by an independent school district based on a levy of taxes to provide therefor in excess of the amount which they had lawful authority to impose is illegal and may be restrained by injunction. (P. 11.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Callahan County.

*W. H. Cliett,* for appellants.—The limitation to the 20 cent levy on the $100 valuation of the property subject to taxation in such school districts as the "Baird Independent School District" certainly applies to this case. Art. 7, sec. 3, State Constitution, and sec. 5, chap. 6, Special Act of the 30th Legislature, creating the Baird Independent School District, pages 79-81.

Without the authority to collect a tax for the payment of such

bonds, no such bonds could legally issue, and if issued and sold could not be forced payment of. Gould v. City of Paris, 68 Texas, 516. The collection of illegal taxes will be restrained by injunction. Davis v. Burnett, 77 Texas 3; Cook v. Galveston, H. & S. A. Ry. Co., 5 Texas Civ. App., 644.

*R. V. Davidson,* Attorney-General, and *J. T. Sluder,* Assistant (*I. Lovenberg, Otis Bowyer* and *F. S. Bill,* of counsel), for appellee.

The exemption does not depend upon the method by which the city or town was constituted a separate and independent school district. Whether it acquired exclusive control of its schools under the provisions of the general law or under the provisions of a special Act of the Legislature, in either case—being an incorporated city or town constituting a separate and independent school district—the limitation does not apply to it.

The Legislature may constitute "any city or town" a separate and independent school district. The words "city or town" not being defined by the Constitution, the Legislature, being unrestrained by any constitutional limitation, may include any sort and any quantity of territory within the boundaries of a city or town which it constitutes a separate and independent school district. What shall be the limits of a city or town, whether incorporated for general municipal purposes or for school purposes only, is a legislative and not a judicial question.

Article 616a, R. S., 1895, authorizes the incorporation of a town for school purposes only, within boundaries including as much as, but not more than, 25 square miles of territory, regardless of whether the territory included, or any part of it, is adaptable to general municipal uses, or even whether it will be benefited by its inclusion in an incorporation for school purposes only.

Article 616a is constitutional, and every incorporation for school purposes only formed under it (or under article 541a, R. S., 1879), is, within the meaning of section 3 of article 7 of the Constitution, an "incorporated town" constituting a separate and independent school district.

Every incorporation for free school purposes only created by special Act of the Legislature upon which is conferred and imposed the rights, powers and duties conferred and imposed upon, and to which is applied all laws applied to, incorporations for school purposes only formed under article 616a of the Revised Statutes of 1895, is an "incorporated town" constituting a separate and independent school district within the meaning of section 3 of article 7 of the Constitution.

On legislative construction of the effect of a statute: Brown v. City of Galveston, 97 Texas, 9; City of Ft. Worth v. Davis, 57 Texas, 225; Lytle v. Halff, 75 Texas, 132; Harris County v. Stewart, 91 Texas, 143; Cooley's Const. Lim., 200, 201.

MR. JUSTICE BROWN delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the Second Supreme Judicial District as follows:

"On the 14th day of March, 1908, by a majority opinion of this court filed on that day, this court reversed and rendered this cause, a copy of which opinion accompanies this certificate, from which opinion Special Associate Justice H. P. Brelsford dissented and which dissenting opinion is embodied in the majority opinion and included in the copy thereof:

"The facts as found by this court briefly stated are as follows:

"1. By Act of the 30th Legislature, chapter 6, special laws, The Baird Independent School District was created without the publication of the local notice of an intention to apply for such legislation.

"2. That for many years Baird had been a duly incorporated city of over one thousand and less than ten thousand inhabitants; that it had also under the general laws, together with some thirty sections of adjacent territory, organized as an independent school district, which, through a board of trustees, exercised control over its public schools. That afterwards, on February 25, 1907, the Legislature of Texas, during its thirtieth session, passed a special Act incorporating the city of Baird and contiguous territory as an independent school district.

"3. The district so incorporated embraced about seventy-one square miles of territory, including the city of Baird, located on about nine hundred and sixty acres of land, and also the territory comprised in its original independent school district (about forty-eight sections), and also all of common school district thirty-five (sixteen sections) and about one half of common school district forty-four (nine sections).

"4. Of the forty-five thousand acres of land included in said incorporation appellants own about thirty-three thousand acres, which are for the most part ranch and pasture lands, and the city of Baird, where it is proposed to erect the new schoolhouse for which the bonds are to be issued, is situated in the southwest corner of the district.

"5. That the board of trustees of said district herein mentioned and made parties hereto contemplate the issuance of bonds for the said independent school district in the sum of twenty-five thousand dollars and an election has already been held for that purpose; and to levy a special ad valorem tax of twenty-five cents on the one hundred dollars valuation of property, to provide for interest and sinking fund; and to further levy a special ad valorem tax of fifty cents on each one hundred dollars valuation of property for the maintenance of the public schools in said district. All of which will more fully appear from the facts stated in said opinion.

"The majority of the members of this court hold that section 5, chapter 6, of the Special Act of the Thirtieth Legislature, incorporating the Baird Independent School District, is invalid because it violates section 3, article 7, of the Constitution of the State in that it attempts to authorize a higher rate of taxation than is in that provision of the Constitution permitted.

"The majority of the court hold that the tax so threatened to be levied by the board of trustees of said district exceeds the limit imposed by that provision of the Constitution, in school districts of the class of this district. In other words, the majority hold that

the twenty cents on the one hundred dollars valuation of property, as prescribed in that section of the Constitution, applies to all school districts, common or independent, created by special Act of the Legislature without the local notice required in other cases of special legislation, except only those independent school districts consisting of incorporated cities or towns that have assumed charge of their schools and whose school district limits are coincident with their municipal limits, from which view Special Associate Justice Brelsford dissents.

"The motion for rehearing being overruled and Special Associate Justice H. P. Brelsford still dissenting, the motion to certify to Your Honors this question for decision is granted, the question being also stated in said motion.

"For a fuller statement of the question involved and the reasons given by the majority and on dissent, we respectfully refer Your Honors to the opinion rendered in this cause and also to an opinion rendered by this court in cause No. 5673, W. S. Cummins et al. v. J. S. Gaston et al., a certified copy of which opinion accompanies this certificate."

Section 10 of article 11 of the Constitution of this State contains the following provision: "The Legislature may constitute any city or town a separate and independent school district." Section 3 of article 7 of the Constitution sets apart for the support of the public free schools certain taxes levied by the State and authorizes the levy in addition thereto by the State Legislature of not exceeding twenty cents on the one hundred dollars valuation of the property in the State, and provides for the maintenance and support of public free schools and the erection of buildings by local taxation in the following terms:. "The Legislature may also provide for the formation of school districts within all or any of the counties of this State, by general or special law, without the local notice required in other cases of special legislation, and may authorize an additional annual ad valorem tax to be levied and collected within such school districts for the further maintenance of public free schools and the erection of school buildings therein; provided, that two thirds of the qualified property tax-paying voters of the district, voting at an election to be held for that purpose, shall vote such tax, not to exceed in any one year twenty cents on the one hundred dollars valuation of the property subject to taxation in such district; but the limitation upon the amount of district tax herein authorized shall not apply to incorporated cities or towns constituting separate and independent school districts."

The 30th Legislature enacted a law entitled: "An Act incorporating the Baird Independent School District, in Callahan County, Texas, for free school purposes only," defining its boundaries, etc. In the first section of that Act this language occurs: "Be it enacted by the Legislature of the State of Texas that there is hereby created and established in Callahan County, Texas, an incorporation for free school purposes only, under the name of and to be known as the Baird Independent School District, within the boundaries described by the following metes and bounds." Section 2 of the said Act

contains this provision: "That the city of Baird, which is situated within the said boundaries, is hereby divested of the control of the public free schools within its limits and said Baird Independent School District is hereby invested with the exclusive control of the public free schools within the limits of said district as hereinbefore defined." Section 5 of the said Act contains this language: "That the Baird Independent School District shall have and exercise and is hereby invested with all of the rights, powers, privileges and duties of a town or village incorporated under the general laws of this State for free school purposes only, . . . and all general laws of this State now in force applicable to towns or villages incorporated for free school purposes only are hereby applied to and declared to be in force and effect with respect to said Baird Independent School District."

The question certified may be stated thus: Is the Baird Independent School District an incorporated city or town within the meaning and intent of the third section of article 7 of the Constitution copied above? It is not a question, nor is it questionable that all school districts are, by section 3 of article 7 of the Constitution, limited in their power to levy taxes, "for the further maintenance of the free schools and the erection of school buildings therein," to twenty cents on the one hundred dollars valuation of property, except "incorporated cities or towns constituting independent school districts."

It is claimed on the part of the appellee in this case that the independent school district in question is an incorporated town or city and therefore that it is not subject to the limitations prescribed in section 3 of article 7 above quoted, and this is the only question that is now before this court. The Attorney-General asserts that the Legislature has the power to incorporate as much territory into a city as it chooses, whether it be intended for city purposes or not. We are not prepared to agree to this broad proposition, but according to our view of the law and the article of the Constitution now under consideration, it is not necessary to decide that question. The question to be decided is not whether the Legislature might create a city embracing more territory than was intended for municipal purposes, but what does the Constitution mean when it says that the independent school districts which are to be exempted from the limitations prescribed in it shall be "incorporated towns or cities?" Sections 4 and 5 of article 11 prescribe the manner in which cities and towns may be incorporated for municipal purposes and it is evident that in dealing with this matter the amendment to section 3 of article 7, adopted in 1883, had reference to towns incorporated for municipal purposes which, according to the provisions of the law as then or thereafter in force, had assumed control of their schools and thereby become independent school districts.

The distinction between a district incorporated for school purposes only and a town or city which constitutes an independent school district must be kept in view, for upon that distinction depends the proper solution of the question certified. A corporation for school purposes only is not an incorporated city or town as specified in the

Constitution, but is simply the incorporation of a school district which may embrace the town or city only or it may embrace a town or city and rural territory. It will be observed that by careful use of language the Legislature, in creating the Baird Independent School District, preserved the distinction between the incorporated city of Baird and the incorporated Baird Independent School District. The first section of the Act which creates the district declares that an incorporation for free school purposes only is thereby created, to be known—not as the city of Baird—but as "The Baird Independent School District." Again, in section 2 the distinction is definitely drawn. It is said that the city of Baird is divested of the control of its public free schools within its limits and the control of such schools is vested in the Baird Independent School District. The city of Baird is not an independent school district. Neither is the Baird Independent School District a city. If the Legislature had declared the city of Baird to be an independent school district the limits of the city and district would be the same. and it would come within the terms of the Constitution because it would constitute an independent school district, but the Baird Independent School District being embraced in boundaries much greater than the limits of the city, the city does not constitute the district. How could the city constitute that which it does not embrace? This distinction between the city and the district is more definitely expressed in the fifth section of the act creating the independent school district of Baird by this language: "The Baird Independent School District shall have and exercise and is hereby invested with all the rights, powers, privileges, and duties of a town or village incorporated under the general laws of this State for free school purposes only." If the Legislature intended to incorporate a city or town, why refer for its powers to towns and villages incorporated "for school purposes only?" As a city it would be embraced in the law that confers those powers on such cities. Another fact which shows that the Legislature did not intend to incorporate the territory as a city is that there is nothing in the law to show that there are ten thousand people residing within the bounds specified in the Act and under the Constitution the Legislature had no power by special law to incorporate a city with less than ten thousand population, therefore, as an incorporation of a city the law would be void; but it did have authority under section 3 of article 7 to create a school district embracing a municipal corporation with less than ten thousand inhabitants. We are of opinion that the Legislature did not intend by the enactment of the law creating the independent school district of Baird to create a municipal corporation, and that the Legislature had no authority to authorize said district to levy a tax for maintaining the schools and building schoolhouses in excess of twenty cents on the one hundred dollars value of property situated therein. The powers of those incorporated towns and cities which have been incorporated for school purposes only are not involved in this case and we express no opinion as to whether the limitation applies to them or not.

It is insisted that the Legislature and the officers of the State have construed the Constitution differently to our interpretation, therefore,

that construction should prevail; but neither the Legislature nor any officer of the State has the power to annul a provision of the Constitution and thereby deprive the citizens of this State of the protection guaranteed to them by that instrument. Willis v. Owens, 43 Texas, 48; Higgins v. Bordages, 88 Texas, 458. Besides, no such legislative construction has been pointed out nor have we discovered any such. On the contrary, the Act of the Legislature of 1905, section 142, page 301, contains this provision: "The city or town council, or board of aldermen of any city, town or village, whether incorporated under any Act of the Congress of the Republic, or the Legislature of the State of Texas, or under any act of incorporation whatever, shall have power by ordinance to annually levy and collect not exceeding one-half of one percent ad valorem taxes for the support and maintenance of public free schools in the city or town where such city or town is a separate and independent school district." This clearly distinguishes "incorporated cities and towns which constitute independent school districts" from other school districts.

It was the plain policy of the people in adopting the amendment to the Constitution to discriminate in levying taxes for the support of free schools between property used for agricultural purposes, for grazing and the like, and urban property, for which it is unnecessary to assign reasons, but such reasons are to be found in the differences in the uses of the property and the situation of the owners. The claim made by the Attorney-General in this case would enable the Legislature to nullify the constitutional provision which was adopted to protect rural property from excessive taxation, by embracing within a free school district a city or town and thereby annul the limitation upon taxation so as to enable the people of such city or town to vote upon the agricultural lands a tax in excess of what the Constitution allows. No better illustration of the unsoundness of that view could be presented than would result from that interpretation of this Act which would enable a town covering less than one thousand acres of land, by its greater population, to vote upon the other forty-four thousand acres of territory embraced within that district a tax of fifty cents on the one hundred dollars valuation of property to support free schools within the limits of the town. Such a construction of the Constitution would be destructive of the guaranty which it affords to those people whose property is contiguous to the towns and cities of the State.

We answer that so far as it attempts to empower the school district to levy a tax exceeding twenty cents on the one hundred dollars valuation of property situated therein "for the maintenance of public free schools and the erection of school buildings," the Act of the Thirtieth Legislature which created the Baird Independent School District is in violation of section 3, article 7 of the Constitution of this State. What effect this holding will have upon the remainder of the law is not submitted in the certificate and is not decided.

ON MOTION FOR REHEARING.

An amended certificate was filed in this case, by which the Honorable Court of Civil Appeals added to their former certificate that the majority of the court held "that such districts are without authority to issue bonds based upon a greater annual tax rate and levy than twenty cents on the one hundred dollars of taxable valuation." There is nothing in the record to show that bonds which had been previously issued by the Baird Independent School District were in question in this case, but it appears that the issue was whether or not that district should issue bonds based upon the levy greater than twenty cents on the one hundred dollars of taxable values. We adhere to our former ruling and hold that the majority of the Court of Civil Appeals were right in holding that the Baird Independent School District had not authority to levy a tax exceeding twenty cents on the one hundred dollars valuation of property within the district. We now hold that the majority of the court correctly held that the bonds proposed to be issued based upon the illegal levy should not be issued and that the injunction should be made perpetual as against the issue of those bonds.

The certificate does not present to this court the question of the power of the Baird Independent School District, nor of any other district, to levy a tax of twenty cents on the one hundred dollars and we have never decided that question with reference to the Baird District or any other district. The certificate does not present the question of the validity of any bonds which have been issued by any school district in the State and this court has not decided that such bonds would be invalid or to what extent they might be held valid. Neither of the questions suggested have been brought within the jurisdiction of this court, therefore, neither has been nor can either be decided by this court in the present proceeding. The motion for rehearing is therefore overruled.