CITY OF ROCKDALE ET AL. v. C. M. CURETON, ATTORNEY-GENERAL.

No. 3354.   Decided April 13, 1921.

(229 S. W., 852.)

### 1.—City—Independent School District—Bonds.

A city incorporated under the general law and which has also become an independent school district, of the same territorial limits, by assuming control of its public schools (Const. Art. 11, Sec. 10; Rev. Stats., Art. 2871) has thereby conferred on it a dual character and distinct dual powers of taxation, those for strictly municipal purposes, and those as an independent school district.   Those possessed in the latter capacity were governed by Article 3, Section 7, of the Constitution, which, in 1918, were by the concluding clause of such section relieved from the limitation as to taxation imposed upon independent school districts otherwise constituted.   (P. 139.).

### 2.—Same—Statute.

The amendment of Article 925, Revised Statutes, by the Act of October 10, 1917 (Laws, 35th Leg., 2d Called Session, ch. 14), authorized cities constituting independent school districts to levy taxes for the support of public schools, erection of school buildings, etc., by public vote under chapter 169 of the acts of the 35th Legislature.   Article 2874, Revised Statutes, giving them power, in general terms, to provide for building sites and buildings for public schools, without limitation as to the way in which provision is to be made. includes the power to issue bonds for such purpose where the taxes for their payment are and can lawfully be imposed.   (Pp. 139, 140).

### 3.—Same—Statute Unconstitutional in Part.

The fact that the statute (Art. 925, Rev. Stats., as amended by the Act of October 10, 1917) may not be constitutional as applied to independent school districts composing an incorporated city and additional territory, as well (Snyder v. Baird Independent School District, 102 Texas, 4), will not render it invalid in its application to such district having the same territorial limits as the incorporated city.   (P. 140).

### 4.—Cities—Independent School Districts.

The power of an independent School district created by an incorporated city assuming control of its public schools, the limits of a city and district being the same, to tax and issue bonds for providing school buildings is not limited by Article 8, Section 9, of the Constitution, which applies only to its powers for strictly municipal purposes.   (P. 140).

Original application to the Supreme Court by the City of Rockdale and others, for writ of mandamus against C. M. Cureton, as Attorney-General, requiring his approval of bonds issued for school purposes.

*E. A. Camp,* for relators.

Respondent contends, as we understand, that Article 925 R. S. 1911 as amended in 1917 is unconstitutional; that cities and towns are restricted to a 65c tax levy for all purposes, including school

bond tax, and that Article 882 of the revised statutes, and Section 9, Article 8 of the Constitution control and prohibit the tax herein levied.

The relators contend that Section 9, Article 8 of the Constitution does not govern, but that the tax herein involved is one of the exceptions mentioned in Section 9 of Art. 8, and that this tax is fully authorized by Section 3 Article 7 of the Constitution. That Art. 882 does not apply to this class of bonds, and tax, but if it does, by implication is repealed by Art. 925 as amended in 1917 and by Arts. 2877-8 and 9 as amended in 1917, and that said amended Art. 925 is constitutional in so far as it applies to cities and towns which have not extended their boundaries for school purposes. Art. 486, Revised Statutes 1895; Acts 31st, Legislature, 2nd Called Session, page 444; Art. 925 Revised Statutes 1911; as amended, page 70, 3rd Called Session, 35th Legislature; Arts. 2874 to 2880, Revised Statutes 1911; Arts. 2876 to 2880 Revised Statutes 1911; as amended, Chapter 169, 35th Legislature, page 380; Art. 882 Revised Statutes 1911; Section 3, Art. 7, State Constitution; Section 9, Art. 8, State Constitution; Chapters 15, 16 and 17, title 48, Revised Statutes, 1911; Snyder v. Baird Independent School District, 102 Texas, 4; Hamilton v. Bowser, 146 S. W., 629; Art. 879, Revised Statutes, 1911.

*C. M. Cureton,* Attorney-General, in pro. per. and *W. P. Dumas,* Assistant, for respondent.

A city incorporated under the general law can not levy taxes in excess of the maximum rates prescribed therefor by the constitution. Constitution of Texas, Art. 8, Sec. 9; Citizens Bank v. City of Terrell, 78 Texas, 455, 14 S. W., 1003; Peck v. City of Hempstead, 27 Texas Civ. App., 80, 65 S. W., 653; City of Columbus v. Woonsocket, 114 Fed., 162; City of Palestine v. Royall, 16 Texas Civ. App., 36, 40 S. W., 621; Bodenheim v. Lightfoot, 132 S. W., 468.

A municipal corporation has no power of taxation except such as is expressly conferred upon it by law; and this power must be strictly construed. Constitution of Texas, Art. 8, Sec. 9; City of Ft. Worth v. Davis, 57 Texas, 225; Frosch v. City of Galveston, 73 Texas, 401; Wood v. City of Galveston, 76 Texas, 126; Carlisle v. Eldridge, 1st W. & W. (Civil Cases), paragraph 989.

The authority of a municipal corporation to issue bonds can only be conferred by language which leaves no reasonable doubt of an intention to confer it, and if such authority is limited the corporation can not exceed the prescribed limit and its power is exhausted when that limit is reached. Revised Statutes, 1911, Art. 882; Dillon on Municipal Corporations, 3rd edition, Vol. 2, Sec. 883; Millsaps v. City of Terrell 60 Fed., 193; Brenham v. German American Bank, 144 U. S., 173, 182; Ashuelot National Bank of Keene v. School District, 56 Fed., 197; Rathbone v. Board of Com'rs of Kiowa Co.,

73 Fed., 395, 399; State v. Moore, 45 Neb., 12; Mayor v. Ray, 19 Wall., 468, 475.

The power of municipalities to levy taxes is dependent upon a grant of authority from the legislature, and in granting such authority the power of the legislature is supreme, except in so far as it is restricted by the Constitution. Constitution of Texas, Art. 8, Sec. 9; Millsaps v. City of Terrell, 60 Fed., 193; United States v. County of Macon, 99 U. S., 582; County of Moultrie v. Fairfield, 105 U. S., 370; City of Cleveland v. United States, 111 Fed., 341; City of Logansport v. Jordan, 85 N. E., 959; State v. Mississippi River Bridge Co., 35 S. W., 592.

Where a city has assumed control of the public schools within its limits, all the school buildings are public buildings of the city and form a part of its public improvements; bonds issued to construct or repair and equip such buildings would be "city bonds;" and taxes levied in payment of such bonds by the governing authority of the city would be "city taxes." Peck-Smead Co. v. City of Sherman, 63 S. W., 340; Hamilton v. Bowers, 146 S. W., 629.

For a later statute to repeal an earlier one on the same subject by implication, there must be such a repugnance or conflict between the two acts that they can not stand together; and repeals by implication are never favored. Davidson v. Schmidt, 124 S. W., 552; Balden v. State, 127 S. W., 134; Sayles v. Robinson, 129 S. W., 346; Austin v. State, 135 S. W., 1167; Dallas County Levee District No. 2 v. Looney, 109 Texas, 326, 207 S. W., 310; Lasater v. Lopez, 110 Texas, 179, 217 S. W., 373, 377; Veltman v. Slater, 110 Texas, 198, 217 S. W., 378.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

Prior to 1918, the City of Rockdale, incorporated under the general laws, had assumed the control of its public schools. The effect of this action was to constitute it, for school purposes, an independent school district. Article 2871.

It has never extended its city boundaries for school purposes.

In 1918, at an election held under Article 925 as amended by the Act of October 10, 1917, the issuance of the city's school bonds, with the proper tax, in the amount of $75,000 for the purpose of erecting and equiping public school buildings and purchasing sites therefor, was duly authorized.

The Attorney General has refused to approve the issue, contending that the city's power to issue the bonds is governed by Section 9 of Article 8 of the Constitution, limiting the taxation of cities for public buildings and other permanent improvements to twenty-five cents on the hundred dollars valuation; also, that Article 925 as amended by the Act of 1917 is wholly unconstitutional; and, inde-

pendently of the validity of that article, that no legal authority exists for the issuance of the bonds. If he is correct in either of these contentions, there is no legal warrant for the bonds.

It is our opinion that the bonds are valid and entitled to the Attorney General's approval.

The Constitution (Section 10 of Article 11) has empowered the Legislature to constitute any town or city an independent school district. The Legislature, therefore, had the power to say, as it has done in Article 2871, that a city or town taking over the control of its public schools shall constitute such a district. There may thus be conferred upon a city a dual character, and with such character, dual powers. There could have been no purpose in authorizing the creation of towns and cities as independent school districts—a recognized separate class of municipal corporations with individual powers, unless in that capacity they were to have the powers of such districts.

The City of Rockdale had lawfully acquired this dual character. It had its powers as strictly a municipality, to be exercised for strictly municipal purposes; and it had its powers as a duly constituted independent school district. The two are not to be confused.

It is plain that these bonds were voted and are proposed to be issued as the bonds of the city as a school district. Their validity is accordingly to be tested by the powers possessed by the city in that capacity.

Taxation for the management and control of the public schools of school districts is governed by Section 3 of Article 7 of the Constitution. The section provides for legislative authorization of additional taxation by popular vote for maintenance and for the erection and equipment of school buildings—which includes the power to purchase sites (Glass v. Pool, 106 Texas, 266, 166 S. W., 375), with a limitation as to the amount of such tax. When these bonds were voted the section concluded with this clause: —"but the limitation upon the amount of school district tax herein authorized shall not apply to incorporated cities or towns, constituting separate and independent school districts."

This provision explicitly relieved independent school districts constituted by cities or towns of the tax limitation imposed upon school districts otherwise constituted, and left the Legislature unrestrained by constitutional provision in that particular. In keeping with it, the Legislature, by the Act of October 10, 1917, (chapter 14, Acts of Second Called Session of Thirty-fifth Legislature) amended Article 925 so as to provide that cities and towns constituting separate and independent school districts may levy and collect such ad valorem tax for the support and maintenance of their public free schools and for the erection and equipment of school buildings therefor as under Chapter 169 of the Acts of the Thirty-fifth Legislature their electors may determine. The amendment by its terms applies

both to cities and towns which have extended their limits for school purposes and those which have not so extended their limits, classifying them separately.

In Snyder v. Baird Independent School District, 102 Texas, 4, 111 S. W., 723, 113 S. W., 521, this court held that a special act of the Legislature attempting to constitute an independent school district, comprised by an incorporated city and additional territory, as well, did not result in the creation of a district such as is contemplated by the exception in Section 3 of Article 7 of the Constitution, above quoted, since that provision relates only to a district constituted by a city or town, and whose territorial limits, therefore, are the same as those of the city or town. It may accordingly be doubted whether that part of the amendment of Article 925 which applies that provision of Section 3 of Article 7 to cities and towns which have extended their limits for school purposes, is valid. But the possible invalidity of that part of the amendment should not, and in our opinion does not, render invalid that part applying to cities and towns constituting independent school districts such as the Constitution contemplates. The City of Rockdale is of the latter class.

Article 2874 declares that cities and towns assuming the control of their public schools shall have authority to provide for building sites and buildings for such schools. This gives the power to provide for them by the issuance of bonds, if necessary, subject to other provisions of law governing the tax to be imposed for their payment. The way in which the provision is to be made is not limited by the article. The power is conferred in general terms, and necessarily includes the power to issue bonds for the purpose where the taxes for their payment may be lawfully imposed.

The writ of mandamus will issue as prayed for.