MISSOURI, K. & T. RY. CO. OF TEXAS v.
CITY OF WHITESBORO.  (No. 3067.)

(Court of Civil Appeals of Texas.  Texarkana.
July 10, 1925.  Rehearing Denied
Oct. 8, 1925.)

1. Schools and school districts ⬉101 — City not constituting independent school district not authorized to levy taxes in excess of constitutional limit at time.

If city ceased to be separate independent school district when it extended its corporation lines for school purposes only, as authorized by Vernon's Sayles' Ann. Civ. St. 1914, art. 2883, it was not authorized to levy school taxes in excess of 50 cents per $100 valuation before amendment of Const. art. 7, § 3, in 1918.

2. Schools and school districts ⬉101 — City extending school district boundaries beyond municipal lines held not to have ceased to be independent school district within constitutional exemption from school tax limitation.

City, taking over control of its public schools and becoming separate independent school district immediately after beginning to function as municipal corporation, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1096a et seq., assumed dual character, and, under article 2883, could extend its boundaries as school district beyond those as municipality without ceasing to be such a district, within Const. art. 7, § 3, as amended in 1909, exempting cities constituting such districts from limitation on amount of school taxes.

3. Schools and school districts ⬉103(2) — City regarded as acting within powers as school district in ordering school tax elections.

City constituting independent school district within Const. art. 7, § 3, as amended in 1909, exempting such cities from limitation on amount of school taxes, should be regarded as having acted within its powers as school district in ordering elections "within the limits of said city," to determine whether school taxes on property within such limits should be levied, though orders declared that only property taxpayers, shown by last assessment rolls of such city, and qualified voters thereof should vote, and it should be assumed that voters so understood acts, irrespective of admissibility of testimony that residents of part of district outside municipal boundaries voted.

4. Schools and school districts ⬉106 — City held not entitled to interest on penalty for failure to pay school taxes when due.

City held not entitled to interest on penalty allowed for failure of railway company to pay school taxes when due.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by the City of Whitesboro against the Missouri, Kansas & Texas Railway Company of Texas.  Judgment for plaintiff, and defendant appeals.  Reformed, and affirmed as reformed.

This was a suit by appellee to enforce a right it claimed to demand and receive of appellant $1,005.29, alleged to be due as taxes (and interest and penalties thereon) for the years 1918, 1919, and 1920 on property owned by appellant.  The appeal is from a judgment in appellee's favor against appellant for the sum sued for and interest thereon.

Appellee exists (and since 1887 has existed) as a municipal corporation under the provisions of title 22, Vernon's Statutes.  Immediately after it began to function as such a corporation under said title of the Statutes, appellee acquired (and ever afterward retained) the exclusive control of the public free schools within its corporate limits, as authorized in chapter 17 of said title.  By an ordinance duly adopted appellee, on August 9, 1909, extended its corporation lines for school purposes only, as authorized by article 2883, Vernon's Statutes.

At the trial the court found that for the year 1918 appellee undertook by ordinance to levy for school purposes an ad valorem tax of 75 cents on the $100, for the year 1919 a tax of 99½ cents on the $100, and for the year 1920 a tax of 85 cents on the $100, of the assessed value of taxable property within its limits as extended for school purposes.  The court found, further, that 1.27 miles of the line of railway owned by appellant were within appellee's original limits, and that 3.56 miles thereof were without said limits but within its limits as extended for school purposes only.  The court found, further, that said 3.56 miles of appellant's line of railway was rendered for taxes at a valuation of $36,-000 for 1918, $35,800 for 1919, and $40,000 for 1920.

C. C. Huff, of Dallas, and Head, Dillard, Smith, Maxey & Head and Jesse F. Holt, all of Sherman, for appellant.

A. P. Caywood, of Whitesboro, and Webb & Webb, of Sherman, for appellee.

WILLSON, C. J. (after stating the facts as above).  [1] Before it extended its corporation lines for school purposes only, appellee was a city or town constituting a separate and independent school district within the meaning of section 3 of article 7 of the Constitution as amended in 1909.  We think there is no doubt, if appellee continued to be such a district, it had power to levy the taxes in controversy here, for by the express terms of said section of the Constitution as so amended the limitation therein of the amount of taxes which could be levied for school purposes to 50 cents on the $100 of valuation did not apply to a city or town constituting such a school district.

The contention of appellant, as we understand it, is that appellee ceased to be such a district when it extended its corporation lines

"for school purposes only." If it did, then we agree it was without power to levy the taxes, notwithstanding said section of the Constitution as amended in 1918 empowered the Legislature to provide for the levy in school districts of an additional tax for school purposes not exceeding $1 on the $100 valuation, for the Legislature had not so provided at the time the taxes in controversy were levied. 12 C. J. 727.

[2] But we do not think appellee ever ceased to be such a district. When it took over the control of its public schools and became a separate and independent school district, it assumed a dual character, and thereafter had. "its powers as strictly a municipality, to be exercised for strictly municipal purposes; and it had its powers as a duly constituted independent school district." Phillips, C. J., in City of Rockdale v. Cureton, 111 Tex. 136, 229 S. W. 852; Poteet v. Bridges (Tex. Civ. App.) 248 S. W. 415. We know no legal reason why, in its character as an independent school district, its boundaries should not have been extended, as they were, beyond its boundaries as a municipality, nor of any legal reason why, when its boundaries were so extended, it should not then have possessed the rights and exercised the powers belonging to a city or town constituting an independent school district. Hence we do not regard as tenable appellant's contention that a city or town cannot constitute an independent school district unless its boundaries in its character as a municipality are identical with its boundaries as a school district. A like contention urged in Kuhn v. City of Yoakum, 257 S. W. 227, was overruled by the Galveston Court of Civil Appeals.

[3] Appellant next insists that if power to levy the taxes in controversy existed, in any event it was not effectively exercised by appellee, and that the levies were therefore void. The contention is based on the fact that the elections were ordered to be held "within the limits of the city of Whitesboro" to determine whether a tax specified should be levied for school purposes on taxable property "within the limits of said city"; on the fact that it was declared in the orders for the elections that "none but property taxpayers as shown by the last assessment rolls of said city and who are qualified voters of such city shall vote at said election"; and on the fact that in the ordinances making the levies they were specified as "on all taxable property in the city of Whitesboro." Keeping in mind appellee's dual character, we think it should be regarded as acting within its powers as a school district when it ordered the elections to determine whether taxes for school purposes should be levied and when it levied such taxes. The persons interested seem to have understood it that way, for there was testimony showing that persons entitled to do so, living within the territory added when appellee extended its corporation lines "for school purposes only," voted at the elections. The testimony referred to was objected to on the ground that only the ordinances could be looked to in determining who was entitled to vote at the elections. Whether the objection should have been sustained or not is not important, we think, for, as suggested, the ordinances should have been construed to be appellee's acts as an independent school district, and not its acts as a municipality. If same ought to be so construed, then it should be assumed that the voters so understood the acts.

[4] We think the judgment is erroneous so far as it is in appellee's favor for interest on the penalty allowed for failure of appellant to pay the taxes when same became due. It will be so reformed. as to deny a recovery of such interest, and will be affirmed as reformed.