**BOWIE SEWERAGE CO. v. BOWIE INDEPENDENT SCHOOL DIST. et al.**

No. 12984.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 30, 1933.

Rehearing Denied Oct. 14, 1933.

W. O. Davis, of Gainesville, and J. W. Chancellor, of Bowie, for appellant.

Benson & Benson and M. A. Bryan, all of Bowie, for appellees.

LATTIMORE, Justice.

This is a suit to restrain the collection of a school tax at the rate of $1.50 per $100 assessed valuation levied under a special act of the Legislature creating and giving such power to appellee.

Appellee was created August 5, 1921, by a special act of the Legislature (Sp. & Loc. Laws 1921, 1st Called Sess., c. 1). Section 12 of that act provides: "The Trustees of the Bowie Independent School District shall have the power to levy and collect taxes for the maintenance of the schools therein, but no such taxes shall be levied until after an election shall have been held within such district wherein a majority of the taxpaying voters voting at said election shall have voted in favor of the levying of such taxes; provided, however, that the tax for maintenance purposes shall not exceed such ad valorem tax as the qualified taxpaying voters of such district may determine at an election held therein for that purpose."

We note that the act places no maximum tax rate and that appellant concedes the regularity of the tax if the act is constitutional in authorizing such taxing procedure. Bowie is an incorporated city.

Appellant says that the act is repugnant to article 3, § 56, which prohibits the passage of any special law where a general law can be made applicable and which forbids the enactment of any special law regulating the affairs of school districts; that the act is in conflict with article 2784, R. S., which prescribes a maximum tax rate of $1 per $100 assessed valuation; that it violates article 8, § 1 of the Constitution, requiring that taxes be equal and uniform.

These difficulties become small if we bear in mind that the Legislature has all power of legislation not expressly forbidden by the Constitution. That article 3, § 56, does not forbid the creation of the appellee school district in view of article 11, § 10, expressly providing that a city or town may be created a school district is shown in State v. Brownson, 94 Tex. 436, 61 S. W. 114.

Each amendment of article 7, § 3, down through 1920 showed a consistent tendency on the part of the electorate to broaden the power of the Legislature to deal with independent school districts by special law. The amendment of 1920 to article 7, § 3, provided in part here applicable: "The Legislature may also provide for the formation of school districts by general or special law without the local notice required in other cases of special legislation;" also "and the Legislature shall be authorized to pass laws for the assessment and collection of taxes in all said districts and for the management and control of the public school or schools of such districts, whether such districts are composed of territory wholly within a county or in parts of two or more counties. And the Legislature may authorize an additional ad valorem tax to be levied and collected within all school districts heretofore formed or hereafter formed, for the further maintenance of public free schools, and the erection and equipment of school buildings therein; provided, that a majority of the qualified property taxpaying voters of the district voting at an election to be held for that purpose, shall vote such tax not to exceed in any one year one dollar on the one hundred dollars valuation of the property subject to taxation in such district, but the limitation upon the amount of school district tax herein authorized shall not apply to incorporated cities or towns constituting separate and independent school districts, nor to independent or common school districts created by general or special law."

It is true that the words "by general or special law" are not reiterated in each phrase of the various powers given the Legislature, but when we bear in mind that the power to do all of these things by general law was well established and needed no granting power by the people, it seems that it was intended that those powers were authorized to be exercised by special act.

The limitation on the school tax rate is not made by the Constitution for a city or independent school district. Indeed, as shown

by the caption, this was the purpose of the amendment as far as the Legislature, which submitted it, was concerned. The caption reads: "Proposing an amendment to section 3 of article 7 of the Constitution of the State of Texas by exempting independent and common school districts from the limitation of a total tax of one dollar on the one hundred dollars valuation for any one year, and making an appropriation therefor."

It left the Legislature "unrestrained in that particular. City of Rockdale v. Cureton, 111 Tex. 136, 229 S. W. 852. If there be conflict between the amended article 7, § 3, and article 3, § 56, then in this suit article 7, § 3, must control for two reasons: First, because it was adopted last; and, second, it deals with this specific subject, whereas article 3, § 56, is general. State v. Brownson, supra. This last statement applies also to that portion of article 3, § 56, which prohibits the passing of a special law where a general law is applicable.

The two reasons are of equal cogency to make the special law control over the general law in article 2784, R. S.

Likewise they eliminate the question of whether a general law could be made to meet the needs of the people of appellee district.

We believe that the appellant's objections of unconstitutionality to the tax levied under the special act creating the appellee school are not tenable.

The judgment of the trial court is affirmed.